UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIGGS et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1865 KJN P (TEMP)<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(g)**

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See also Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes.").

1

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

**DISCUSSION**

Court records reflect that plaintiff filed this action after having brought three or more prior civil actions that this court dismissed on the grounds specified in 28 U.S.C. § 1915(g). Specifically, plaintiff suffered a strike for purposes of § 1915(g) on March 16, 2012, when the United States District Court for the Northern District of California dismissed Youngblood v. State of California, No. 4:11-cv-4064-PJH (N.D. Cal.), for failure to state a claim.  Plaintiff suffered a second strike on February 4, 2013, when the Northern District dismissed Youngblood v. Warden, No. 4:12-cv-4423-PJH (N.D. Cal.), as frivolous and for failure to state a claim.  Plaintiff suffered a third strike on February 29, 2013, when the Northern District dismissed Youngblood v. Feather Falls Casino, 4:13-cv-1282-PJH (N.D. Cal.), as frivolous and for failure to state a claim.  Plaintiff suffered a fourth strike on November 12, 2013, when the Northern District dismissed Youngblood v. Warden, No. 4:13-cv-4366-PJH (N.D. Cal.), for failure to state a claim.  Finally, the court notes that the Fresno Division of this court has consistently found that plaintiff has "struck out" under § 1915(g).  See, e.g, Youngblood v. Allen, No. 1:14-cv-0595-LJO-SKO (PC) (ECF No. 5); Youngblood v. Doctor Kim, No. 1:13-cv-1118-SAB (ECF No. 13).[1]

Plaintiff commenced this action in September 2015, by filing a civil rights complaint, together with an application to proceed in forma pauperis.  As discussed above, however, court records reflect that plaintiff previously brought more than three prior federal cases that this court

/////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

dismissed for failure to state a claim.  Accordingly, pursuant to § 1915(g), plaintiff must submit the appropriate filing fee in order to proceed with this action.[2]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is denied; and

2. Within fourteen days of the date of this order, plaintiff shall pay the full filing fee for this action ($400.00).  Failure to comply with this order will result in dismissal of this action.

Dated:  May 9, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ec
youn1865.56

---

[2] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007).  In his complaint now before this court, plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.